**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION | ) | |
| LABORERS WELFARE FUND, an employee | ) | |
| benefit plan, and BRANDON FLINN, MATT | ) | |
| ANDREWS, STEVE MACDONALD, GARY ELLIOTT | ) | |
| RICH McLAUGHLIN, DONALD WILLEY, | ) | |
| TERRY BRIGGS, DAVID A. GILLICK, | ) | |
| BRAD GRANT, MICHAEL LUTZ, COREY | ) | |
| BLACK and ROBERT BIEG, JR., Trustees of the | ) | |
| Greater St. Louis Construction Laborers Welfare Fund, | ) | Case No. |
| and CONSTRUCTION LABORERS PENSION | ) | |
| TRUST OF GREATER ST. LOUIS, an employee | ) | |
| benefit plan, and, JEFFREY O'CONNELL, RICHARD | ) | |
| McLAUGHLIN, RONNY GRIFFIN, | ) | |
| BRANDON FLINN, DONALD WILLEY, GARY | ) | |
| ELLIOTT, LOU GRASSE, JOSEPH LERITZ, | ) | |
| DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. | ) | |
| LUTH and DAVID A. GILLICK, Trustees of the | ) | |
| Construction Laborers Pension Trust of Greater St. | ) | |
| Louis, and ST. LOUIS VACATION FUND – | ) | |
| VACATION PLAN, an employee benefit plan, and | ) | |
| GARY ELLIOTT, BRANDON FLINN, DONALD | ) | |
| WILLEY, and WILLIAM L. LUTH, Trustees of the | ) | |
| St. Louis Vacation Fund – Vacation Plan, and | ) | |
| AGC–EASTERN MISSOURI LABORERS' JOINT | ) | |
| TRAINING FUND, an employee benefit plan, and | ) | |
| PATRICK R. PRYOR, DONALD WILLEY, | ) | |
| PERRI PRYOR, GARY ELLIOTT, RICHARD | ) | |
| McGUIRE, BRANDON FLINN, | ) | |
| PHIL HOCHER, MICHAEL LUTH, | ) | |
| JOE SCARFINO, CLIFF LAND, | ) | |
| FRANK MARCHESI and JOHN J. SMITH, JR., | ) | |
| Trustees of the AGC–Eastern Missouri Laborers' | ) | |
| Joint Training Fund, and LOCAL UNION NOS. | ) | |
| 42-110, LABORERS INTERNATIONAL | ) | |
| UNION OF NORTH AMERICA, AFL-CIO, | ) | |
| labor organizations, | ) | |
| | ) | |
| Plaintiffs, | ) | |

1

v.                                              )
                                                )
SIMMS BUILDING GROUP,                           )
                                                )
        Defendant.                              )

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.      Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.   Plaintiffs Brandon Flinn, Matt Andrews, Steve MacDonald, Rich McLaughlin, Donald Willey, Gary Elliott, Terry Briggs, David A. Gillick, Brad Grant, Michael Lutz, Corey Black, and Robert Bieg, Jr. and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.      Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Ronny Griffin, Brandon Flinn, Donald Willey, Gary Elliott, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and David A. Gillick, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A)

2

and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3.      Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Donald Willey, and William L. Luth are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4.      Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, Phil Hocher, Michael Luth, Joe Scarfino, Cliff Land, Frank Marchesi, and John J. Smith, Jr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5.      Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6.      Defendant Simms Building Group, Inc. is a Missouri corporation that conducts business within this judicial district.  Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

7.   This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that plaintiff trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the union is suing for violation of a contract with defendant.

8.   At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly employee benefit payments to the plaintiff employee benefit funds in specified amounts and the submission of monthly report forms.

9.   The collective bargaining agreement and the plans adopted by the trustees of the plaintiff employee benefit funds also provide that the trustees shall be permitted to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

10. Defendant is required to pay liquidated damages of twenty percent (20%) as well as interest on delinquent contributions.

**COUNT I: FAILURE TO MAKE REPORTS AND PAY EMPLOYEE BENEFIT
CONTRIBUTIONS AS FOUND BY AUDIT**

11.   Pursuant to the authority granted under the collective bargaining agreement, a payroll audit was performed by the plaintiffs' auditors on the defendant to determine if defendant had complied with its duty to report employees' hours and pay benefit contributions for such employees.

12. This audit determined that the defendant had failed to report 3,067.50 hours during the period of October 1, 2016 through January 31, 2019.

13. This amounts to $69,314.90 being owed by defendant by the plaintiff, consisting of $50,112.50 in contributions, $10,051.19 in liquidated damages, $2,251.00 in interest, $5,622.21 in supplemental dues, and $1,278.00 in audit fees.

14. These amounts are now due and owing to the plaintiffs per the findings of the audit.

15. Plaintiffs are entitled to recover all employee benefit contributions, interest, and liquidated damages found owing on the audit, in addition to audit fees, attorneys' fees, and costs, pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

**COUNT II: FAILURE TO TIMELY PAY EMPLOYEE BENEFIT CONTRIBUTIONS**

16. Defendant is bound by the provisions of a collective bargaining agreement requiring monthly employee benefit payments to the plaintiff employee benefit funds in specified amounts and the submission of monthly report forms.

17. In addition to the amounts found owing by the audit due to defendant's failure to remit employee benefit contributions, the defendant has also failed to remit **any** of the contractually required benefit contributions for the months of February 2019, March 2019, April 2019, and May 2019.

18. Plaintiffs are entitled to recover all employee benefit contributions, interest, and liquidated damages for these delinquent months pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

## COUNT III: BREACH OF SETTLEMENT AGREEMENT

19. On March 20, 2017, these parties entered into a settlement of a previous dispute regarding the defendant's failure to pay contributions, liquidated damages, and interest for the period of January 1, 2013 through December 31, 2016.

20. The total amount owed for that period was $115,115.40

21. The parties agreed to settle this matter for $70,000, payable in one lump sum of $25,000 followed by monthly payments of $1,500 for 30 months.

22. The settlement agreement contained a provision requiring the defendant to timely make such monthly payments and to timely submit its current employee benefit reports and payments.

23. To date, the defendant has failed to both timely make its settlement payments, and to timely submit its current employee benefit reports and payments.

24. As such, the defendant has breached the settlement agreement.

25. The settlement agreement provides that if the agreement is breached by the defendant, the full amount settled becomes immediately due and owing, if the breach is not cured within a set time period.

26. The breach has not been cured.

27. To date, the defendant has paid $55,500 on the settlement.

28. Less the amounts paid on the settlement, the defendant owes the sum of $59,615.40 because of its breach of the settlement agreement.

**WHEREFORE**, plaintiffs pray the Court as follows:

1      For an order requiring defendant to submit the required employee hours report forms and contributions for the outstanding months;

2.      For a judgment requiring defendant to pay to plaintiffs the amounts known to be owed;

3.      For an order requiring defendant to submit reports and make payments in the future to the plaintiffs in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

4.      For judgement against defendant for any and all other amounts found to be owed by defendant to plaintiffs including, but not limited to, contributions, interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

5.      For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Road, Suite 210
St. Louis, Missouri  63131
Phone: (314) 727-1015
Fax:    (314) 727-6804


/s/ Nathan K. Gilbert
NATHAN K. GILBERT, #68093
Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2019 the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.


/s/ Nathan K. Gilbert